UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**CHAMBERS OF**
**CHARLES D. AUSTIN**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-7810**
**MDD_CDAChambers@mdd.uscourts.gov**

December 1, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:   *Chad P. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 23-582-CDA

Dear Counsel:

On March 3, 2023, Plaintiff Chad P. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny his claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 8) and the parties' briefs (ECFs 12, 14, 15). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will AFFIRM the SSA's decision. This letter explains why.

## I.   PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on August 10, 2020, alleging a disability onset of April 1, 2019. Tr. 186–87. Plaintiff's claim was denied initially and on reconsideration. Tr. 99–103, 110–14. On July 13, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 35–65. Following the hearing, on September 29, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 12–34. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.   THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability;

---

[1] 42 U.S.C. §§ 301 et seq.

*Chad P. v. Kijakazi*
Civil No. 23-582-CDA
December 1, 2023
Page 2

(2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since April 1, 2019, the alleged onset date." Tr. 17. At step two, the ALJ found that Plaintiff suffered from severe "degenerative disc disorder ('DDD'), rotator cuff and labrum tears of left shoulder, unspecified anxiety disorder, panic disorder, unspecified mood disorder[,] opioid dependence[,] residuals from traumatic brain injury, and bipolar disorder." *Id.* The ALJ also determined that Plaintiff suffered from non-severe obesity. Tr. 18. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.* Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except: He can never climb ladders, ropes, or scaffolds but can occasionally climb ramps and stairs. He can occasionally stoop, kneel, crouch, balance, and crawl. He cannot reach overhead with the left, nondominant upper extremity but can occasionally reach overhead with the right, dominant upper extremity. He can perform simple and routine tasks in a setting with no fast-paced, production work such as on an assembly line or that carries strict quotas or deadlines. He can tolerate occasional and superficial interaction with the general public.

Tr. 22. The ALJ determined that Plaintiff was unable to perform any past relevant work but could perform other jobs that existed in significant numbers in the national economy. Tr. 28. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 30.

### III.  LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached by applying the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, the Court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

*Chad P. v. Kijakazi*
Civil No. 23-582-CDA
December 1, 2023
Page 3

### IV.   ANALYSIS

On appeal, Plaintiff argues that the ALJ contravened Social Security Ruling ("SSR") 96-8P[2] by failing to provide a narrative discussion to support the conclusion that Plaintiff must work "in a setting with no fast-paced, production work such as on an assembly line or that carries strict quotas or deadlines." ECF 12, at 8 (quoting Tr. 22). Plaintiff contends that the ALJ failed to connect this RFC provision to Plaintiff's moderate concentration, persistence, and pace limitations, making it "unclear whether this RFC limitation was even intended to accommodate Plaintiff's mental impairments." *Id*. at 10. Because "the decision is missing any explanation as to how the ALJ decided that those particular limitations would be sufficient to accommodate Plaintiff's symptoms," Plaintiff asserts that the Court cannot meaningfully review the ALJ's decision. *Id*. at 11. Defendant counters that substantial evidence supported the ALJ's analysis because "the ALJ's discussion of the evidence provides abundant insight into [their] thought process and analysis adequate for this Court to trace the path from the evidence of Plaintiff's poor concentration to the RFC finding as well as perform meaningful judicial review." ECF 14, at 6.

When a claimant possesses a mental impairment, an ALJ is required to make "'a specific finding as to the degree of limitation in each of' the four areas of functional limitation listed in [20 C.F.R.] § 404.1520a(c)(3)." *Patterson v. Comm'r of Soc. Sec. Admin*., 846 F.3d 656, 659 (4th Cir. 2017) (quoting 20 C.F.R. § 404.1520a(e)(4)). One of these four areas—concentration, persistence, and pace ("CPP")—concerns "the abilities to focus attention on activities and stay on task age-appropriately." 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(E)(3). A "moderate" limitation in CPP means that a claimant's ability to sustain CPP "independently, appropriately, effectively, and on a sustained basis is fair." *Id.* § 12.00(F)(2)(c).

"[O]nce an ALJ has [found] that a claimant suffers from moderate difficulties in [CPP], the ALJ must either include a corresponding limitation in [their] RFC assessment, or explain why no such limitation is necessary." *Talmo v. Comm'r, Soc. Sec. Admin*, No. ELH-14-2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015) (citing *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015)), *report and recommendation adopted*, (D. Md. June 5, 2015). An ALJ may not account for moderate CPP limitations by restricting the RFC to simple, routine tasks or unskilled work without explaining why such provisions adequately address the claimant's CPP limitations. *See Mascio*, 780 F.3d at 638; *Shinaberry v. Saul*, 952 F.3d 113, 121–22 (4th Cir. 2020). However, an ALJ may

---

[2] Social Security Rulings ("SSRs") "constitute the [SSA's] interpretations of the statute it administers and of [the SSA's] own regulations." *Chavez v. Dep't of Health & Hum. Servs*., 103 F.3d 849, 851 (9th Cir. 1996) (citation omitted). While SSRs "do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass v. Chater*, 65 F.3d 1200, 1204 n.3 (4th Cir. 1995) (citing *Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989)). SSR 96-8P details the steps an ALJ must take when assessing a claimant's RFC. *See generally* SSR 96-8P, 1996 WL 374184 (S.S.A. July 2, 1996). Specifically, the ruling provides that "[t]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id*. at *7.

*Chad P. v. Kijakazi*
Civil No. 23-582-CDA
December 1, 2023
Page 4

accommodate a claimant's moderate CPP limitations by assigning persuasive value to a medical opinion that "provide[s] substantial support for" the ALJ's CPP-related RFC provisions. *Sizemore v. Berryhill*, 878 F.3d 72, 81 (4th Cir. 2017).

Here, at step three, the ALJ observed that recent treatment records reflected Plaintiff's "normal mental status including attention/concentration." Tr. 21. However, the ALJ also took note of Plaintiff's "complaints of poor concentration," his test score "deficits in this area," and his "inability to perform serial sevens past 86." *Id.* The ALJ also noted that Plaintiff can "watch television, care for his dog, help with some chores, prepare simple meals, and play cards with friends," among other things. *Id.* Based upon these observations, the ALJ determined that Plaintiff possessed a "moderate" CPP limitation. *Id.* In assessing the RFC, the ALJ limited Plaintiff to "perform[ing] simple and routine tasks in a setting with no fast-paced, production work such as on an assembly line or that carries strict quotas or deadlines." Tr. 22.

Plaintiff correctly observes that the ALJ did not explicitly connect this RFC provision to Plaintiff's CPP limitations or explain how the provision was intended to accommodate those limitations. ECF 12, at 10–11. But the Court disagrees that "it is unclear how the ALJ reached [their] conclusion[.]" *Id.* at 8. Specifically, the ALJ's reliance on the opinions of two medical sources in crafting the RFC provides support for the CPP limitations incorporated therein and enables the Court to perform meaningful review.

Dr. Perrott, who examined Plaintiff on April 8, 2021, found that Plaintiff possessed moderate CPP limitations. Tr. 75–76. Dr. Perrott opined that despite Plaintiff's concentration issues, he "would be capable of completing simple-repetitive work tasks (SRT) in a low stress work setting." Tr. 84. On December 23, 2021, Dr. Sagawa examined Plaintiff and, like Dr. Perrott, opined that Plaintiff possessed moderate CPP limitations. Tr. 92–93. Dr. Sagawa noted that Plaintiff "is prone to some difficulties with production pace, but is able to operate at a reasonable pace." Tr. 96. In their analyses, both sources provided the following assessment of Plaintiff's limitations: "The claimant would be able to perform familiar and routine procedures. He would be able to maintain concentration for two hour periods in order to complete a normal workday. He would be able to complete a normal workweek and perform at a pace generally consistent with others." Tr. 83, 96. In assessing Plaintiff's mental impairments, the ALJ assigned persuasive value to these opinions. Tr. 27. The ALJ subsequently crafted an RFC incorporating a limitation to simple tasks and a restriction from working at a production-rate pace—the same provisions set forth in the opinions of Drs. Perrott and Sagawa.[3] Tr. 22, 83–84, 96.

---

[3] Although the ALJ did not replicate these opinions verbatim in crafting the RFC, such a minor discrepancy does not warrant remand. *See Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015) ("Even where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a [source's] opinions verbatim; nor is the ALJ required to adopt the [source's] limitations wholesale."); *Wilkinson v. Comm'r of Soc. Sec.*, 558 F. App'x 254, 256 (3d Cir. 2014) ("[N]o rule or regulation compels an ALJ to incorporate into an RFC every finding made by a medical source simply because the ALJ gives the source's opinion as a whole 'significant' weight."). Additionally, the Court observes that the ALJ was not required to explicitly incorporate

*Chad P. v. Kijakazi*
Civil No. 23-582-CDA
December 1, 2023
Page 5

An ALJ adequately accounts for a Plaintiff's moderate CPP limitations by assigning persuasive value to a source's opinion regarding those limitations and adopting the source's opined limitations into the RFC. *See Sizemore v. Berryhill*, 878 F.3d 72, 80–81 (4th Cir. 2017) (affirming an ALJ's decision where: (1) the ALJ adopted, without explanation, certain RFC limitations suggested in a medical opinion that provided "detailed findings" on a claimant's "sustained concentration and persistence limitations" and (2) the ALJ assigned persuasive value to the opinion). Accordingly, the Court determines that the opinions of Drs. Perrott and Sagawa "provided substantial support" for the RFC assessed in this case and that the ALJ's adoption of these opinions permits meaningful review of the ALJ's decision. *Id.* at 81; *see also Onishea v. Barnhart*, 116 F. App'x 1, 2 (5th Cir. 2004) ("The ALJ based his assessment of [the claimant's] RFC, in part, on the state examiner's function-by-function analysis[.] Thus, the ALJ employed the legal standard set forth in . . . SSR 96–8p in determining [the claimant's] RFC.").

In sum, the ALJ's reliance on substantial evidence in assessing the RFC permits meaningful review of the ALJ's decision for the reasons explained above. Additionally, Plaintiff identifies no harmful error resulting from the ALJ's failure to provide a narrative discussion explaining the RFC's accommodation of Plaintiff's CPP limitations. *See generally* ECF 12. Nor does Plaintiff identify any RFC provisions that the ALJ should have included in lieu of the provision at issue in this case. *See generally id.* Accordingly, remand is unwarranted because the Court's review is not "frustrate[d]" by "inadequacies in the ALJ's analysis[.]" *Mascio*, 780 F.3d at 636.

## V.     CONCLUSION

For the reasons set forth herein, the SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge

---

Plaintiff's ability to "maintain concentration for two hour periods[.]" Tr. 83, 96. Breaks after every two hours of work "are contemplated by the SSA as part of a normal workday schedule" and are therefore "'not an additional limitation or restriction that [an] ALJ need[s] to' take into account[.]" *Williams v. Comm'r, SSA*, 805 F. App'x 692, 694 (11th Cir. 2020) (citing SSR 96-9P, 1996 WL 374185, at *6–7 (S.S.A. July 3, 1996)).